UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICHARD EARL GEORGE, | No. 1:21-cv-00319 KES GSA (PC) |
|---|---|
| Plaintiff, | ORDER DECLINING TO SCREEN IMPROPERLY ADDED CLAIMS IN FIRST AMENDED COMPLAINT |
| v. | |
| THERESA CISNEROS, et al., | See ECF No. 20 |
| Defendants. | ORDER DENYING PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT |
| | (ECF No. 22) |
| | ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT |
| | PLAINTIFF'S AMENDED COMPLAINT, IF ANY, DUE IN TWENTY-ONE DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This matter was removed from state court to federal court by Defendants. See ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's first amended complaint ("FAC") (ECF No. 20) and a motion that he has entitled a "Notice of Motion of Motion for a More Definite Statement to Support Amended Complaint." ECF No. 22. For the reasons stated below, the Court finds that

1

Plaintiff's FAC contains improperly added claims. As a result, the Court will decline to consider them, and instead, Plaintiff will be given a **final** opportunity to file an amended complaint. Consistent with this ruling, the Court will also deny Plaintiff's "motion for a more definite statement," which is related to the FAC.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citing Iqbal). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Finally, under Federal Rules of Civil Procedure 18 and 20, the claims raised against a party in a complaint should be related. In addition, defendants should only be joined in an action

2

if it can be alleged that they are liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 18(a) and 20(a)(2).

## II. RELEVANT PROCEDURAL HISTORY

On March 3, 2021, Plaintiff's complaint was docketed after it had been removed from the Kings County Superior by Defendants. See ECF No. 1 (notice of removal with Plaintiff's attached complaint). June 2, 2025, the matter was screened and the Court determined that it failed to state a claim upon which relief could be granted. ECF No. 18 at 11. As a result, Plaintiff was given the opportunity to file an amended complaint. Id. at 9-11. On June 3, 2025, Plaintiff filed the instant FAC. ECF No. 20.

On July 28, 2025, Plaintiff filed a "Notice of Motion of Motion for a More Definite Statement to Support Amended Complaint". ECF No. 22.

## III. PLAINTIFF'S COMPLAINTS

### A. Plaintiff's Original Complaint

In the original complaint, docketed with the Court on March 3, 2021, Plaintiff names Warden Cisneros of California Substance Abuse Treatment Facility, and Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Kathleen Allison, as Defendants in this action. See ECF No. 1 at 7, 16. Although the complaint is confusing, the gravamen of it is that as early as October 30, 2019, Defendants violated his Eighth Amendment right to receive safe and adequate housing and living conditions by exposing him to dangerous conditions like: physical building deterioration of the facility; outdated fire sprinkler systems; fire hazards; exposure to asbestos in the dining hall and housing unit; inadequate ventilation; and mold, algae and mildew in the housing unit shower. Id. at 10. The original complaint also asserts that Defendants' action and inaction violates several prison Department of Operations Manual ("DOM") policies. See Id. at 11. The pleading has also checked boxes for claims of premises liability, general negligence, and intentional tort. Id. at 9.

When the Court screened the original complaint, it found that it failed to state any claim upon which relief could be granted. See ECF No. 18 at 11. As a result, Plaintiff was given the

1 opportunity to file an amended complaint. At that time, Plaintiff was clearly informed of the
2 following: (1) that an amended complaint would take the place of his original complaint; (2) that
3 any amended complaint that he filed had to be complete in itself and without reference to any
4 earlier filed complaint, (3) that he could not change the nature of this suit by alleging new,
5 unrelated claims, and importantly, (4) he was advised that in the amended complaint he needed to
6 set forth what specific harm he personally experienced as result of the poor *living conditions* he
7 described. Id. at 9-10.

   B.  Plaintiff's First Amended Complaint

Plaintiff's FAC was docketed on June 23, 2025. See ECF No. 20. In it, he names Secretary Kathleen Allison; Warden Morales; Gracie Woo, P.S.; G. Ugwueze, CMO; Correctional Sergeant Salcedo; and Warden Theresa Cisneros; and Trust Officer Clerk Ruiz,[1] most of whom are presumably employed at the California Substance Abuse Treatment Facility ("CSATF") as Defendants. See ECF No. 20 at 1-3.

In Claim One of the FAC, Plaintiff contends that on April 8, 2025, upon his arrival at CSATF, his Eighth Amendment right to be free from deliberate indifference to serious medical need and cruel and unusual punishment was violated when Sergeant Salcedo took away his bottle of purified water which he states is a "medical appliance (DME) to drink daily" given that "norovirus bacteria" was present in CSATF's drinking water system. Id. at 3-4.

In Claim Two, Plaintiff alleges he went five days without bottled water until he filed a health care grievance and was provided a gallon of distilled water. He further states that sometime later, he expressed his need for more water, but none was given. As a result, Plaintiff states that he then attempted to drink the prison's water which caused him to start experiencing vomiting and diarrhea for seven days and to suffer from stomach pain and dehydration. Id. at 5. In this claim, he also generally alleges that he was denied the right to adequate medical care,

---

[1] The Court notes that in Defendants' recently filed request for screening (see ECF No. 21), they inform the Court that Plaintiff's FAC incorrectly names Defendant Allison as the Secretary of the CDCR, and it incorrectly names Defendant Cisneros as the warden at CSATF. See ECF No. 21 at 1 n.1. In any amended complaint, Plaintiff may file, he must make certain that the titles and/or professional positions of named defendants are correct.

1  because as a person with disabilities, he was not provided with equipment to accommodate them,
2  nor was he given bottled water. ECF No. 20 at 4, 10-16.
3      IV.   DISCUSSION
4      As noted earlier, when the Court screened Plaintiff's original complaint, it informed him
5  that he "could not change the nature of this suit by alleging new, unrelated claims." ECF No. 18
6  at 9. Despite this warning, Plaintiff's FAC does precisely that. As a result, none of the claims
7  that Plaintiff has raised in the FAC are related to the ones he raised in his initial complaint.
8  Compare ECF No. 1, with ECF No. 20 (original complaint; FAC, respectively).
9      Plaintiff has failed to follow the Court's directions. His FAC changes the very nature of
10 the suit by adding new, unrelated claims and defendants. The claims in the FAC occurred in
11 April 2025, and they primarily relate to several defendants depriving him of bottled water and
12 medical equipment to accommodate his disabilities. See generally ECF No. 20. These facts
13 clearly do not arise out the same transaction or occurrences alleged in Plaintiff's original
14 complaint, which only names two defendants, whose violations began to occur in or around
15 October of 2019, and which are alleged to have continued up until the date that Plaintiff filed the
16 original complaint on Dec. 7, 2020, in Kings County Superior Court. The claims in that pleading
17 deal with conditions of confinement that were largely related to structural deficiencies in the
18 buildings at CSATF and the poor maintenance of them. See ECF No. 1 at 3-5.
19     Because the FAC alleges new and different claims against new and different defendants, it
20 violates the Court's screening order. **New claims in the FAC that differ from those alleged in**
21 **the original complaint must be brought in a separate suit.**
22     V.   PLAINTIFF'S REQUEST FOR A MORE DEFINITE STATEMENT
23         1.   Plaintiff's Motion
24     Although Plaintiff's motion is entitled a "motion for a more definite statement," in it, he
25 appears to provide more information that he would like to add to the instant FAC. See generally
26 ECF No. 22. Specifically, the filing, which was docketed on July 28, 2025, starts out with
27 Plaintiff discussing a medical exam that he had a few days earlier on July 10, 2025. See id. at 1-
28 2. In it, Plaintiff then proceeds to discuss why his blood pressure is elevated and how his needs

are not being met at California Substance Abuse Treatment Facility ("CSATF"). See id. He also contends that his requests for bottled water are not being met. ECF No. 22 at 2. Ultimately, Plaintiff asserts that Defendants are being deliberately indifferent to his serious medical needs. Id. Attached to the filing are what appear to be some of Plaintiff's medical records. See ECF No. 22 at 3-15.

### 2. Discussion

Plaintiff's motion is incredibly confusing and unclear. However, to the extent that it may be requesting the Court to consider its contents as an amendment that relates back to the FAC, which is the operative complaint, or to consider it a supplemental pleading to the FAC, the motion will be denied. Given that the Court is declining to consider the new claims in the FAC because they are unrelated to the original complaint, the contents of the "supplement" to the FAC that Plaintiff asks the Court to consider are moot. Therefore, the "motion for a more definite statement" related to the FAC will be denied as such.

## VI. LEAVE TO AMEND

Because the FAC contains improperly added claims, it fails to state a claim upon which relief may be granted, and it is subject to dismissal under 28 U.S.C. § 1915A(b). Rather than recommending dismissal at this juncture, however, the Court will grant Plaintiff leave **a final time** to amend the complaint. See Fed. R. Civ. P. 15(a)(2). The amended complaint must **only** raise claims that are related to those that he made in the original complaint.

If Plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following.

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all

defendants. Fed. R. Civ. P. 10(a). *Plaintiff may not change the nature of the claims made in his original complaint by alleging new, unrelated claims.* See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See Local Rule 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

The Clerk of Court will be directed to send Plaintiff a copy of the Court's civil rights form. It is suggested that Plaintiff only use the space provided on the form to state his substantive claims. Plaintiff is free, however, to provide a reasonable number of exhibits to support those claims.

It should be noted that the Court is not required to review exhibits attached to the amended complaint when determining what Plaintiff's claims are with respect to each Defendant. Indeed, Plaintiff's claims should be clearly stated on the form itself. The Court will not review any of Plaintiff's past supplements or pleadings in order to determine the substance of Plaintiff's claims. In sum, when Plaintiff files his amended complaint, it should be a complete pleading in and unto itself. See Local Rule 220 (E.D. Cal. 2009).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a copy of the Court's Civil Rights Complaint By a Prisoner form;

2. Plaintiff's "motion for a more definite statement" (ECF No. 22) is DENIED;

3. Plaintiff's first amended complaint contains improperly added claims. As a result, the Court DECLINES to consider them, and

7

4.  Within twenty-one days from the date of this order, Plaintiff shall file an amended complaint.[2]

**Plaintiff is cautioned that failure to fully comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **September 16, 2025**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Should Plaintiff fail to file an amended complaint, the Court will presume that Plaintiff wishes to stand on his original complaint (ECF No. 1), which the Court has previously determined fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1); see also ECF No. 18 (screening order of original complaint). Plaintiff may also choose to voluntarily dismiss this matter. See Fed. R. Civ. P. 41(a)(1)(A)(i).