1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GEORGE,                      Case No.: 1:21-cv-00319-KES- BAM (PC)

12              Plaintiff,                **FINDINGS AND RECOMMENDATION TO**
                                          **DISMISS ACTION FOR FAILURE TO**
13        v.                              **STATE A CLAIM**

14   CISNEROS, et al.,                    (ECF No. 26)

15              Defendants.               **FOURTEEN (14) DAY DEADLINE**

16

17        Plaintiff Richard George ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action under 42 U.S.C. § 1983.  This case was recently reassigned to

19   the undersigned.  Defendants filed a Request for Screening of the Second Amended Complaint on

20   October 7, 2025.  (ECF No. 27.)  Plaintiff's second amended complaint is currently before the

21   Court for screening.  (ECF No. 26.)

22   **I.        Screening Requirement and Standard**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

26   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

27   relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

28        A complaint must contain "a short and plain statement of the claim showing that the

                                          1

1    pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

4    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

5    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

6    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7        To survive screening, Plaintiff's claims must be facially plausible, which requires

8    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

9    for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

10   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

11   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

12   standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13   **II.    Plaintiff's Allegations**

14       Plaintiff is currently housed at California State Prison, in Corcoran, California.  Plaintiff

15   alleges the events in the complaint occurred while Plaintiff was housed at California Substance

16   Abuse Treatment Facility ("SATF").  Plaintiff names as defendants: (1) Theresa Cisneros,

17   Warden, (2) Kathleen Allison, Secretary of California Department of Corrections and

18   Rehabilitation.  Plaintiff alleges as follows.

19       In claim 1, Plaintiff alleges inadequate housing and living conditions in violation of the

20   Eighth Amendment. As early as October 30, 2019, defendant Cisneros violated Plaintiff's right to

21   receive safe adequate housing and living conditions by exposing Plaintiff to toxic dangerous

22   conditions like physical building deterioration; outdated fire sprinkler system; fire hazard;

23   exposure to asbestos in the dining hall and housing unit; inadequate ventilation; mold, algae.

24   Defendant's actions and inaction violated prison department of operations manual ("DOM")

25   policies.  Plaintiff was denied the equal protection of law at SATF that constitutes deprivation of

26   his constitutional rights.  Defendants have a duty to provide humane conditions of confinement

27   for Plaintiff and ensure that he receives adequate shelter and reasonable measures for safety.

28   Plaintiff alleges the presence of severe treatment of confinement at SATF is cruel and unusual

punishment. Both defendants knew of the inhumane conditions of confinement but disregarded the excessive risk to Plaintiff's health and safety.

They were both aware of the fact from which an inference could be drawn that a risk of serious harm existed. The deprivation was objectively serious based on the failure to prevent harm and the unnecessary and wanton infliction of pain.

Warden Theresa Cisneros is responsible for the proper management of SATF on October 30, 2019 and the conduct of her staff. She is accountable in her position of responsibility and knew or should have known of the misconduct of Plaintiff's severe treatment of confinement and yet failed to prevent harm. Defendant Cisneros is the chief executive officer responsible the custody, treatment, and discipline of all incarcerated persons under her charge in October 2019.

Defendant Kathleen Allison, Secretary of the CDCR, is liable in her capacity for being responsible for her subordinate Theresa Cisneros (Warden) and had a sufficiently culpable state of mind that was deliberately indifferent to Plaintiff's health. If detention officials did not have to give reasons for their actions in punishing Plaintiff with physical building deterioration of the facility, outdated fire sprinkler systems, fire hazards, exposure to asbestos in the dining hall and housing unit, inadequate ventilation, and mold, algae and mildew, they could act in an unconstitutional manner from the court's review.

Plaintiff alleges he has been exposed to toxic dangerous living conditions. Plaintiff seeks damages for being forced to live in conditions that violated the Constitution. Plaintiff seeks compensatory and punitive damages.

As remedies, Plaintiff seeks compensatory damages.

## III.   Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, and fails to state a cognizable claim for relief, except as provided below.

### Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved. Plaintiff has been unable to cure this deficiency.

**Supervisor Liability**

Insofar as Plaintiff is attempting to sue the Warden or Secretary, or any other defendant, based solely upon supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

1    589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement

2    of supervisory personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*,

3    673 F.2d 266, 268 (9th Cir. 1982).

4        Plaintiff does not allege that Defendants were personally involved in any constitutional

5    deprivation.  Further, Plaintiff fails to identify any policy which is so deficient that the policy

6    itself is a repudiation of the constitutional rights and is the moving force of the constitutional

7    violation.

8        **Eight Amendment – Conditions of Confinement**

9        The Eighth Amendment protects prisoners from inhumane methods of punishment and

10   from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*

11   *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison

12   officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

13   sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

14   2000) (quotation marks and citations omitted).  To establish a violation of the Eighth

15   Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ."

16   *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of*

17   *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

18       The deliberate indifference standard involves both an objective and a subjective prong.

19   First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer*, 511

20   U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive

21   risk to inmate health or safety."  *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th

22   Cir. 1995). The circumstances, nature, and duration of the deprivations are critical in determining

23   whether the conditions complained of are grave enough to form the basis of a viable Eighth

24   Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the

25   part of a prison official is not sufficient to establish liability, but rather, the official's conduct must

26   have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

27       Objectively, extreme deprivations are required to make out a conditions-of-confinement

28   claim and only those deprivations denying the minimal civilized measure of life's necessities are

1    sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

2    503 U.S. 1, 9 (1992).  Although the Constitution "'does not mandate comfortable prisons,'"

3    *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate

4    sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time,"

5    *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

6            Here, Plaintiff alleges that the institution has unconstitutional conditions of confinement

7    consisting of asbestos, mold, algae and mildew in the showers, deteriorating fire sprinklers,

8    inadequate ventilation, among other things. However, Plaintiff's complaint does not include

9    details to support these allegations. He does not describe what makes him believe that these

10   conditions exist at the institution such as what he saw or what any person at the institution said.

11   He does not allege that he has seen any tests or reports of these conditions. He does not allege that

12   any professional has reported on these conditions. He does not describe whether these conditions

13   were located at the institution.

14           Plaintiff's vague description that he was exposed to these conditions is not sufficient to

15   state a claim for violation of his constitutional rights. The Court cannot determine the

16   circumstances, nature, and duration of the alleged conditions. Nor can the Court determine if they

17   are objectively, sufficiently serious to support a constitutional claim.

18           Additionally, Plaintiff does not plead facts that would establish that any named defendant

19   is liable for these conditions because they knew of and disregard an excessive risk to inmate

20   health or safety. Plaintiff does not connect any of the named defendants to his allegations.

21           He also does not allege that any of these defendants acted with deliberate indifference to

22   the conditions he describes. The complaint does not plead any facts showing that any defendant

23   knew of the black mold, asbestos, or other toxic substances to which Plaintiff was allegedly

24   exposed; that any defendant knew that such exposure posed an excessive risk to Plaintiff's health

25   and safety; and that any defendant deliberately disregarded such risk. Plaintiff's conclusory

26   allegations that they "knew" or "should have known" are insufficient.  For this reason, Plaintiff

27   has not pled sufficient facts in support of the subjective component of his Eighth Amendment

28   claim.

**Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

The Court finds that Plaintiff has not stated a cognizable equal protection claim. Plaintiff does not allege that he was discriminated against because of his membership in any protected class. He also does not allege that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.

**Title 15 Claim**

To the extent that Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D.

1  Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California

2  Code of Regulations).

3  **IV.    Conclusion and Order**

4      For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable

5  claim for relief.  Despite being provided with the relevant pleading and legal standards, and given

6  multiple opportunities to amend, Plaintiff has been unable to cure the deficiencies in his second

7  amended complaint.  Further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122,

8  1130 (9th Cir. 2000).

9      Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that this

10  action be dismissed for failure to state a cognizable claim upon which relief may be granted.

11      These Findings and Recommendations will be submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

13  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

14  file written objections with the court.  The document should be captioned "Objections to

15  Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

16  **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

17  **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

18  **limit may not be considered.**  The parties are advised that failure to file objections within the

19  specified time may result in the waiver of the "right to challenge the magistrate's factual

20  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

21  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23  IT IS SO ORDERED.

24  Dated:  __**October 9, 2025**__              ___/s/ Barbara A. McAuliffe___

25                                              UNITED STATES MAGISTRATE JUDGE

26

27

28