1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    EASTERN DISTRICT OF CALIFORNIA
10
11    RICHARD EARL GEORGE,                Case No.  1:21-cv-00319-KES-BAM (PC)
12                    Plaintiff,          ORDER VACATING FINDINGS AND
                                          RECOMMENDATION TO DISMISS
13         v.                             ACTION FOR FAILURE TO STATE A
                                          CLAIM
14    CISNEROS, *et al.*,                 (ECF No. 28)
15                    Defendants.         ORDER DENYING DEFENDANTS'
                                          REQUEST FOR SCREENING OF SECOND
16                                        AMENDED COMPLAINT AS MOOT
                                          (ECF No. 27)
17
                                          ORDER GRANTING PLAINTIFF LEAVE TO
18                                        FILE A THIRD AMENDED COMPLAINT
19                                        **THIRTY (30) DAY DEADLINE**
20
21         Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

22    rights action pursuant to 42 U.S.C. § 1983.

23         On October 6, 2025, Plaintiff filed a second amended complaint.  (ECF No. 26.)

24    Defendants filed a request for screening of the second amended complaint on October 7, 2025.

25    (ECF No. 27.)

26         On October 9, 2025, the Court screened Plaintiff's second amended complaint and issued

27    findings and a recommendation that this action be dismissed based on Plaintiff's failure to state a

28    cognizable claim upon which relief may be granted.  (ECF No. 28.)  Those findings and

recommendation were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)  Plaintiff timely filed objections to the findings and recommendation and a declaration in support on October 27, 2025.  (ECF Nos. 29, 30.)

In his objections and declaration in support, Plaintiff sets forth new factual allegations regarding his specific experiences with the conditions of confinement that he alleges exist at his current institution.  For example, Plaintiff alleges that on October 30, 2025,[1] that he used the Facility B2 Housing Unit (ADA) shower and was exposed to black mold and algae that caused a fungus growth on his left foot and left thigh, for which he required medical treatment.  (ECF No. 29, p. 3; ECF No. 30, p. 3.)  Plaintiff also alleges that he is still suffering from the fungus growth on his left thigh continues to the present date, which is supported by his medical records.  (ECF No. 30, pp. 3–4.)  In September 2025, Plaintiff was also physically exposed to asbestos in the Facility B dining hall when a wet asbestos ceiling divider panel fell on Plaintiff and others during feeding time.  (ECF No. 29, p. 3.)  The next morning, the Captain of Facility B and Plant Operations Maintenance Staff took digital camera footage of the damages or wet asbestos ceiling panels in the Facility B dining hall as Plaintiff and others were escorted through a taped off hazardous area to obtain breakfast.  No repairs were made then, and nothing to the present date in the dining hall or housing units.  (*Id.*)

Plaintiff further alleges that Defendant Allison and Defendant Warden knew of the building deterioration through SATF quarterly institutional audits of the dining hall and housing unit Plant Operations maintenance records of 2019.  (*Id.* at 4–5.)  Plaintiff further alleges that he submitted a CDCR-22 form in October 2019 requesting the second watch sergeant to provide glue-stick mouse traps for the Facility B2 housing unit, and hanging sticky fly strips to catch mosquitoes by the drinking fountains and standing water areas throughout the Facility B2 housing unit.  (ECF No. 30, p. 2.)  In November or December 2019, when Plaintiff received his breakfast meal in the Facility B dining hall, he looked down at his feet to notice mice running in and out between his feet and throughout other inmates' feet as they ate their meal.  (*Id.* at 4.)  On this

---

[1] As Plaintiff's objections were filed on October 27, 2025, this date appears to be a clerical error.

1    same day, it was raining outside and the dining hall asbestos ceiling dividers started falling on

2    Plaintiff and others eating breakfast, and custody staff escorted Plaintiff and other inmates to a

3    dry area on the opposite side of the dining hall to finish eating and exit the building area. (*Id.*)

4        Based on the above allegations, which were not included in Plaintiff's second amended

5    complaint, Plaintiff contends that he has set forth sufficient facts to state a claim for relief.

6        While Plaintiff's complaint must be construed liberally, Plaintiff must set forth "sufficient

7    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

8    *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

9    (2007)). Though detailed factual allegations are not required, "[t]hreadbare recitals of the

10   elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

11   556 U.S. at 678 (citation omitted). As discussed in the findings and recommendations, Plaintiff's

12   second amended complaint provided only conclusory statements regarding his conditions of

13   confinement claims. However, Plaintiff has provided additional factual allegations regarding the

14   conditions he personally witnessed or experienced, as well as alleging that Defendants Cisneros

15   and Allison knew about such conditions through periodic Plant Operations audit reports regarding

16   conditions, maintenance, and repairs to the facility. However, Plaintiff again fails to identify any

17   policy which was so deficient that the policy itself was a repudiation of his constitutional rights or

18   was the moving force of the constitutional violation, and Plaintiff's allegations as to any equal

19   protection claim remain conclusory at best. To the extent Plaintiff is attempting to add a claim

20   regarding medical treatment he did or did not receive related to the fungus growth on his left

21   thigh, Plaintiff was previously warned that he may not add additional unrelated claims to his

22   complaint. (ECF No. 24, p. 5.)

23       In light of the new allegations set forth in Plaintiff's objections, Plaintiff's *pro se* status,

24   and in an abundance of caution, the Court finds it appropriate to vacate the pending findings and

25   recommendation and to grant Plaintiff a **final opportunity** to amend his complaint. Plaintiff is

26   granted leave to file a third amended complaint, **limited to Plaintiff's claim for unconstitutional**

27   **conditions of confinement against Defendants Cisneros and Allison**.

28   ///

3

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

2    each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

3    U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

4    a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

5    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

6    claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

7    "buckshot" complaints).

8    Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v.*

9    *Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint

10    must be "complete in itself without reference to the prior or superseded pleading."  Local Rule

11    220.

12    Finally, in light of the foregoing, Defendants' request for screening of the second

13    amended complaint will be denied, as moot.  The third amended complaint will be screened in

14    due course to determine whether it states a cognizable claim for relief.  Defendants are not

15    required to file a separate request for screening of any third amended complaint.

16    Accordingly, IT IS HEREBY ORDERED that:

17    1.  The findings and recommendations issued on October 9, 2025, (ECF No. 28), are

18         VACATED;

19    2.  Defendants' request for screening of second amended complaint, (ECF No. 27), is

20         DENIED, as moot;

21    3.  Plaintiff is granted leave to file a third amended complaint;

22    4.  The Clerk's Office shall send Plaintiff a complaint form;

23    5.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third

24         amended complaint, **<u>limited to Plaintiff's claim for unconstitutional conditions of</u>**

25         **<u>confinement against Defendants Cisneros and Allison</u>**; and

26    ///

27    ///

28    ///

4

6. **If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated:    **October 30, 2025**                    /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

5