# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br><br>            Plaintiff,<br><br>      v.<br><br>CISNEROS, *et al.*,<br><br>            Defendants. | Case No.  1:21-cv-00319-KES-BAM (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AS MOOT**<br>(ECF No. 32)<br><br>**ORDER DIRECTING CLERK OF COURT TO FILE THIRD AMENDED COMPLAINT LODGED ON NOVEMBER 10, 2025**<br>(ECF Nos. 32, 33)<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR SCREENING OF THIRD AMENDED COMPLAINT AS MOOT**<br>(ECF No. 34)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Richard Earl George ("Plaintiff") is a state prisoner appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 9, 2025, the Court screened Plaintiff's second amended complaint and issued findings and a recommendation that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.  (ECF No. 28.)  Plaintiff timely filed objections to the findings and recommendation and a declaration in support on October 27, 2025.

(ECF Nos. 29, 30.) Pursuant to allegations not included in Plaintiff's second amended complaint, Plaintiff's *pro se* status, and in an abundance of caution, the Court found it appropriate to vacate the findings and recommendation and to grant Plaintiff a final opportunity to amend his complaint. (ECF No. 31.) Plaintiff was granted leave to file a third amended complaint, "**limited to Plaintiff's claim for unconstitutional conditions of confinement against Defendants Cisneros and Allison**." (*Id.* at 3.) The Court also noted that Defendants were not required to file a separate request for screening of any third amended complaint. (*Id.* at 4.)

On November 10, 2025, Plaintiff filed a motion for leave to file a third amended complaint and lodged a third amended complaint. (ECF Nos. 32, 33.) On November 12, 2025, Defendants filed a request for screening of the third amended complaint. (ECF No. 34.)

As noted above, Plaintiff has already been granted leave to file a third amended complaint, and Defendants were not required to file a separate request for screening of any third amended complaint. As such, Plaintiff's motion for leave to file a third amended complaint and Defendants' request for screening of the third amended complaint are both denied, as moot.

Having reviewed Plaintiff's motion and lodged third amended complaint, it appears Plaintiff's motion is actually a "supplemental brief" in support of the standard complaint form. The Clerk of the Court will be directed to file the third amended complaint to include both documents as a single docket entry. Plaintiff's third amended complaint, including Plaintiff's supplemental brief, is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"), in Corcoran, California, where the events in the third amended complaint are alleged to have occurred. Plaintiff names as defendants: (1) Theresa Cisneros, Chief Executive Officer/Warden, SATF; and (2) Kathleen Allison, Secretary of CDCR.

Plaintiff alleges inadequate housing and living conditions in violation of the Eighth Amendment.

On October 30, 2019, Plaintiff was received into the custody of Defendant Warden Cisneros at SATF. The same day, Plaintiff was assigned to Facility B2, used the Facility B2 shower and was exposed to black mold and algae, causing a fungus growth on his left foot and left thigh, which Plaintiff still suffers from to the present date.[1]

In September 2020, Plaintiff was exposed to asbestos in the Facility B dining hall when wet asbestos ceiling divider panels fell on Plaintiff and others during feeding time. The next morning, Facility B Captain and Plant Operations maintenance staff took digital camera footage of the damages and wet asbestos ceiling panels in the Facility B dining hall as Plaintiff and others

---

[1] To the extent Plaintiff is attempting to raise any claims related to this fungus growth or any medical treatment he did or did not receive in response to this condition, Plaintiff was previously warned that he may not add additional unrelated claims to his complaint. (ECF No. 24, p. 5; ECF No. 31, p. 3.) The third amended complaint remains limited to Plaintiff's claim for unconstitutional conditions of confinement against Defendants Cisneros and Allison. (ECF No. 31, p. 3.)

3

1   were escorted through a taped off hazardous area to obtain breakfast.

2       No repairs were made then and no repairs have been made in the dining hall or housing
3   unit to the present date.

4       Defendant Secretary Kathleen Allison and Defendant Warden Theresa Cisneros knew of
5   the building deterioration through SATF quarterly Plant Operations maintenance audit records of
6   2019 regarding conditions, maintenance, and repairs to the institution.

7       Plaintiff also submitted a CDCR-22 Form in October 2019 to Facility B second watch
8   Sergeant requesting to be provided glue-stick mouse traps for the Facility B2 housing unit and
9   hanging sticky fly-strips to catch mosquitoes by the drinking fountain and standing water areas
10  throughout the Facility B2 housing unit.

11      In November or December 2019, after Plaintiff received his breakfast meal in the Facility
12  B dining hall, Plaintiff looked down at his feet and noticed mice running in and out between his
13  feet and throughout other inmates' feet as they ate their meal. On the same day, it was raining
14  outside and the dining hall asbestos ceiling dividers started falling on Plaintiff and others eating
15  breakfast. Custody staff escorted Plaintiff and others to a dry area on the opposite side of the
16  dining hall to finish eating and exit the building area.

17      Defendant Allison established the organizational structure to provide for the efficient and
18  effective management of all facets of the correctional system for all inmates and wards, to include
19  custody, care, treatment discipline, training, rehabilitation, and employment. Defendant Allison
20  is the Chief Executive of Operation and Control of all state adult correctional facilities.
21  Defendant Allison was put on notice by numerous Plant Operations maintenance audit reports and
22  knowingly refused to terminate a series of serious acts by others, that knew or reasonably should
23  have known would cause others to inflict Plaintiff's constitutional injuries.

24      Defendant Cisneros is the Chief Executive Officer/Warden of SATF responsible for
25  inmate custody, treatment, and training/discipline of all inmates under her charge. Defendant
26  Cisneros is responsible for the proper management of STAF on October 30, 2019, and the
27  conduct of her staff.

28  ///

Plaintiff alleges that Defendant Allison is liable in her official capacity as Secretary of CDCR responsible for her subordinate, Defendant Cisneros. If detention officials did not have to give reasons for their actions in punishing Plaintiff with physical building deterioration of SATF; outdated fire sprinkler systems; fire hazards; exposure to asbestos in the dining hall and housing unit; inadequate ventilation; black mold, mildew, and algae in housing unit showers, that could in effect act in an unconditional manner safely screened from court or administrative review.

As relief, Plaintiff seeks compensatory and punitive damages, a jury trial, costs, and any additional relief the Court deems just, proper, and equitable.

**V.     Discussion**

**A.     Official Capacity**

To the extent Plaintiff is attempting to sue Defendants in their official capacities, Plaintiff may not pursue his claims for monetary damages against the named defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't. of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed in this action for monetary damages against defendants in their individual capacities.

**B.     Supervisory Liability**

Insofar as Plaintiff is attempting to sue Defendants based only on their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

///

1  Supervisors may be held liable only if they "participated in or directed the violations, or
2 knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th
3 Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*,
4 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal
5 participation if the official implemented "a policy so deficient that the policy itself is a
6 repudiation of the constitutional rights and is the moving force of the constitutional violation."
7 *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations
8 marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).  When a
9 defendant holds a supervisory position, the causal link between such defendant and the claimed
10 constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th
11 Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
12 allegations concerning the involvement of supervisory personnel in civil rights violations are not
13 sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

14  Plaintiff again fails to identify any policy which is so deficient that the policy itself is a
15 repudiation of the constitutional rights and is the moving force of the constitutional violation.  All
16 policies identified by Plaintiff in the third amended complaint set forth specific health and safety
17 standards that are to be met, and Plaintiff has provided only conclusory allegations that these
18 identified regulations were deficient such that they were the moving force of any constitutional
19 violation.

20  **C.  Eighth Amendment – Conditions of Confinement**

21  The Eighth Amendment protects prisoners from inhumane methods of punishment and
22 from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*
23 *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison
24 officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,
25 sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.
26 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth
27 Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ."
28 *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of*

1  *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

2  The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006).  Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

At the pleading stage, Plaintiff states a cognizable claim against Defendants Cisneros and Allison for unconstitutional conditions of confinement related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November or December 2019 and September 2020.  Plaintiff alleges that Defendants were aware of the building's deterioration through quarterly Plant Operations maintenance audit records.

However, Plaintiff fails to state a cognizable claim against Defendants related to any other conditions of confinement alleged in the third amended complaint.  While Plaintiff alleges that he was exposed to black mold and algae while using the Facility B shower and that there were mice in the dining hall, Plaintiff does not allege that he reported the black mold or algae or mice to any member of staff or that the conditions were otherwise made known to Defendants.  Further,

7

although Plaintiff alleges that he requested mouse and fly traps from the Facility B second watch Sergeant, Plaintiff does not allege whether these requests were fulfilled or that the existence of mice or mosquitoes in the facility were made known to Defendants.

**VI.    Order and Recommendations**

Based on the foregoing, the Court finds that Plaintiff's third amended complaint states a cognizable claim against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November or December 2019 and September 2020.

Plaintiff's third amended complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file a third amended complaint, (ECF No. 32), is DENIED, as moot;
2. The Clerk of the Court is DIRECTED to file the November 10, 2025 third amended complaint, comprised of Plaintiff's "Motion for Leave to File a Third Amended Complaint," (ECF No. 32), and "(LODGED) Third Amended Prisoner Civil Rights Complaint," (ECF No. 33), as a single docket entry titled "Third Amended Prisoner Civil Rights Complaint"; and
3. Defendants' request for screening of third amended complaint, (ECF No. 34), is DENIED, as moot.

* * *

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's third amended complaint against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and

others in the Facility B dining hall in November or December 2019 and September 2020; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __November 12, 2025__       /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE

9