**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE, | Case No. 1:21-cv-00319-KES-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE |
| v. | |
| CISNEROS, *et al.*, | (ECF No. 51) |
| Defendants. | ORDER DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT |
| | (ECF No. 52) |

Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November or December 2019 and September 2020.

On April 24, 2026, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of all discovery as December 24, 2026, and the deadline for filing all

1

dispositive motions (other than a motion for summary judgment for failure to exhaust) as March 4, 2027. (ECF No. 48.)

Currently pending before the Court is Plaintiff's Motion for Summary Judgment, filed on June 1, 2026. (ECF No. 51.) Plaintiff contends that the undisputed facts demonstrate that he was subjected to unconstitutional conditions of confinement and that summary judgment is proper. (*Id.*) Defendants filed a motion for administrative relief to extend the deadline to oppose Plaintiff's summary judgment motion on June 12, 2026. (ECF No. 52.) In their motion, Defendants indicate that Plaintiff has moved for summary judgment at the outset of the discovery phase and prior to his deposition, which is currently set for July 14, 2026. (*Id.*) Defendants assert that they cannot oppose Plaintiff's motion for summary judgment without completing discovery, including deposing Plaintiff, whose testimony is necessary for Defendants to present essential facts to justify its opposition. Defendants therefore request that the Court extend their deadline to oppose Plaintiff's summary judgment motion to the existing March 4, 2027 dispositive motion deadline. (*Id.*)

As Defendants note, Plaintiff has moved for summary judgment at the outset of discovery. Defendants have demonstrated that they cannot oppose the motion without first completing discovery, including Plaintiff's deposition. Plaintiff's motion for summary judgment therefore will be denied, without prejudice, as premature. *See* Fed. R. Civ. P. 56(d) (if nonmovant shows that it cannot present facts essential to justify its opposition, the court may deny motion for summary judgment).

Further, Plaintiff's motion for summary judgment fails to comply with Local Rule 260. Pursuant to that rule, "[e]ach motion for summary judgment . . . shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a). Plaintiff has not included a statement of undisputed facts as required by Local Rule 260(a). Plaintiff will be permitted to re-file his motion at a future appropriate date in compliance with the Court's Local Rules.

2

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for summary judgment, (ECF No. 51), is DENIED, without prejudice, as premature; and

2. Defendants' motion for administrative relief to extend the deadline to oppose Plaintiff's motion for summary judgment, (ECF No. 52), is DENIED as moot.

IT IS SO ORDERED.

Dated:    **June 16, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE