# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EARL GEORGE,<br>Plaintiff,<br>v.<br>CISNEROS, *et al.*,<br>Defendants. | Case No. 1:21-cv-00319-KES-BAM (PC)<br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PREMATURE<br>(ECF No. 57) |

Plaintiff Richard Earl George ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November or December 2019 and September 2020.

On April 24, 2026, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of all discovery as December 24, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) as March 4, 2027. (ECF No. 48.)

On June 1, 2026, Plaintiff filed a motion for summary judgment. (ECF No. 51.) Thereafter, on June 12, 2026, Defendants filed a motion for administrative relief to extend the

deadline to oppose Plaintiff's motion for summary judgment to March 4, 2027, the existing dispositive motion deadline. (ECF No. 52.) Defendants asserted that they could not oppose Pliantiff's motion for summary judgment without completing discovery, including deposing Plaintiff. (*Id.*)

On June 16, 2026, the Court denied Plaintiff's motion for summary judgment without prejudice as premature. (ECF No. 53.) The Court determined that Plaintiff had moved for summary judgment at the outset of discovery, and that Defendants had demonstrated they could not oppose the motion without first completing discovery. The Court also determined that Plaintiff's motion for summary judgment failed to include a statement of undisputed facts as required by Local Rule 260(a). The Court informed Plaintiff that he would be permitted to re-file his motion at a future appropriate date in compliance with the Court's Local Rules. (*Id.*)

Currently pending before the Court is Plaintiff's second Motion for Summary Judgment, filed on July 27, 2026. (ECF No. 57.) Plaintiff contends that the undisputed facts demonstrate he was subjected to unconstitutional confinement, and that Defendants acted with deliberate indifference to an excessive risk to Plaintiff's health. (*Id.*) Plaintiff's motion includes a purported Statement of Undisputed Facts. (*Id.* at 5.)

Plaintiff again has moved for summary judgment in the early stages of discovery, less than two months after his first motion. Defendants previously demonstrated that they could not oppose the motion without first completing discovery. (ECF No. 52.) Defendants' ability to oppose the motion for summary judgment without first completing discovery remains a concern as discovery is not set to close until December 2026. Additionally, Plaintiff has filed a lodged pleading, which the Court has construed as a motion to amend the complaint, and which has not been resolved. (*See* ECF Nos. 49, 54.) Plaintiff also has filed a motion to compel supplemental responses to discovery, which remains pending. (ECF No. 56.) Plaintiff's second motion for summary judgment therefore will be denied, without prejudice, as premature. *See* Fed. R. Civ. P. 56(d) (if nonmovant shows that it cannot present facts essential to justify its opposition, the court may deny motion for summary judgment).

Further, as with his original motion, Plaintiff's second motion for summary judgment fails

to comply with Local Rule 260. As the Court previously instructed, the rule requires that "[e]ach motion for summary judgment . . . shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a). Although Plaintiff's second motion contains an apparent Statement of Undisputed Facts, Plaintiff does not cite to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document to establish those facts as required by Local Rule 260(a). Plaintiff will be permitted to re-file his motion at a future appropriate date consistent with the Discovery and Scheduling Order in this case and in compliance with the Court's Local Rules.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's second motion for summary judgment, (ECF No. 57), is DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated: **August 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE