# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD EL GEORGE,

Plaintiff,

v.

CISNEROS, *et al.*,

Defendants.

Case No. 1:21-cv-00319-KES-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT

(ECF No. 49)

**FOURTEEN (14) DAY DEADLINE**

## I. Introduction

Plaintiff Richard El George (also known as Richard Earl George) ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November and December 2019 and September 2020.

On May 26, 2026, Plaintiff lodged an amended pleading. (ECF No. 49.) The Court construed the lodged pleading as a motion to amend the complaint and directed Defendants to file a response to the motion. (ECF No. 54.) Defendants opposed the motion on August 10, 2026. (ECF No. 58.) Plaintiff filed an untimely reply on September 3, 2026. (ECF No. 63.) The motion is deemed submitted. Local Rule 230(l).

For the reasons that follow, the Court will recommend that Plaintiff's motion for leave to amend be denied.

**II. Relevant Background**

On October 9, 2025, the Court screened Plaintiff's second amended complaint and issued findings and a recommendation that this action be dismissed based on Plaintiff's failure to state a cognizable claim upon which relief may be granted. (ECF No. 28.) Plaintiff timely filed objections to the findings and recommendation and a declaration in support on October 27, 2025. (ECF Nos. 29, 30.) Pursuant to allegations not included in Plaintiff's second amended complaint, Plaintiff's *pro se* status, and in an abundance of caution, the Court found it appropriate to vacate the findings and recommendation and to grant Plaintiff a final opportunity to amend his complaint. (ECF No. 31.) Plaintiff was granted leave to file a third amended complaint, "**limited to Plaintiff's claim for unconstitutional conditions of confinement against Defendants Cisneros and Allison**." (*Id.* at 3.)

Plaintiff lodged a third amended complaint on November 10, 2025, which subsequently was filed. (ECF Nos. 33, 36.) On November 13, 2025, the Court screened Plaintiff's third amended complaint limited to Plaintiff's claim for unconstitutional conditions of confinement against Defendants Cisneros and Allison and noting that Plaintiff was warned that he may not add additional unrelated claims to his complaint. (ECF No. 35 at 3, n.1.) The Court issued findings and recommendations that recommended this action proceed on Plaintiff's cognizable claim against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November or December 2019 and September 2020, and that all other claims be dismissed. (*Id.* at 8-9.) The district court adopted the findings and recommendations on December 29, 2025. (ECF No. 38.)

Defendants Allison and Cisneros answered the complaint on March 5, 2026. (ECF No. 44.) The Court referred the case to post-screening ADR (Alternative Dispute Resolution) but Defendants opted out. (ECF Nos. 45, 46, 47.)

On April 24, 2026, the Court issued a Discovery and Scheduling Order, which set the

deadline for all stipulated amendments or motions to amend as July 24, 2026. (ECF No. 48.) On January 21, 2026, the Court extended the deadline for completion of all discovery, including filing all motions to compel discovery, to April 13, 2026, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) to June 22, 2026. (ECF No. 37.)

Plaintiff lodged his proposed amended complaint on May 26, 2026, which the Court construed as a motion to amend. (ECF Nos. 49, 54.)

**III. Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v.*

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

**IV. Discussion**

Here, the Court finds Plaintiff's motion to amend should be denied primarily due to futility of amendment. Plaintiff has had multiple opportunities to amend his complaint. In October 2025, the Court granted him a final opportunity to amend his complaint, which was expressly limited to Plaintiff's claim for unconstitutional conditions of confinement against Defendants Cisneros and Allison. (ECF No. 31 at 3-4.) Upon screening the third amended complaint, the Court found that Plaintiff stated a cognizable claim premised only on his allegations related to wet asbestos ceiling dividers, and not those allegations concerning mice in the dining hall, mosquitoes, building deterioration, outdated fire sprinkler systems, fire hazards, inadequate ventilation, back mold, and mildew and algae in housing unit showers. (See ECF No. 35 at 7-.) The Court also found that Plaintiff could not sue Defendants in their supervisory roles and that he failed to identify any policy which was so deficient that the policy itself was a repudiation of his constitutional rights. (*Id.* at 6.) The Court determined that further leave to amend was not warranted. (*Id.* at 8.)

Plaintiff's proposed fourth amended complaint includes nearly identical allegations to those in the third amended complaint, including allegations that were screened out, such as mice in the kitchen, facility deterioration, Defendants' supervisory liability, and deficient prison policies. Plaintiff's proposed allegations, which either mirror his third amended complaint or are couched in legal argument, are not sufficient to state a claim. (*See* ECF No. 49.)

In addition to futility amendment, permitting further amendment to expand the scope of this litigation to include claims concerning building maintenance or other issues that were previously screened out likely will result in prejudice to Defendants. Discovery already has commenced in this action, and Defendants have responded to Plaintiff's written discovery requests, deposed Plaintiff based on the cognizable claim regarding the asbestos ceiling panel

allegations, (see ECF No. 58 at 5), and filed a potentially dispositive motion asserting that Plaintiff failed to exhaust his administrative remedies regarding the ceiling panels or asbestos exposure. (ECF No. 65.)

**V. Conclusion and Recommendation**

For the reasons discussed, it is HEREBY RECOMMENDED that Plaintiff's motion for leave to file a fourth amended complaint, (ECF No. 49), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 23, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE