# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD EL GEORGE,

Plaintiff,

v.

CISNEROS, *et al.*,

Defendants.

Case No. 1:21-cv-00319-KES-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

(ECF No. 56)

## I. Introduction

Plaintiff Richard El George (also known as Richard Earl George) ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendants Cisneros and Allison for unconstitutional conditions of confinement in violation of the Eighth Amendment related to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November and December 2019 and September 2020.

On April 24, 2026, the Court issued a Discovery and Scheduling Order, which set the deadline for completion of all discovery, including filing motions to compel discovery, as December 24, 2026. (ECF No. 48.)

Currently before the Court is Plaintiff's motion to compel Defendants to produce or supplement responses to his request for production of documents, filed July 27, 2026. (ECF No.

56.) Defendants opposed the motion on August 17, 2026. (ECF No. 60.) Plaintiff replied on September 3, 2026. (ECF No. 64.) The motion is deemed submitted. Local Rule 230(l).

## II. Plaintiff's Motion to Compel

Plaintiff seeks to compel "proper responses" to his requests for production of documents[1] (1-6) from 2019 to the present date. (ECF No. 56.) Plaintiff contends that the requests are reasonably calculated to lead to the discovery of admissible evidence and that the discovery he propounded relates to the issues raised in the amended complaint. He further contends that Defendants are in a better position to ascertain the location of the records requested. Plaintiff attaches four maintenance records related to ceiling tiles for A side and for B side dining and water leaking from the ceiling. (ECF No. 56, Exs. A and B.) Plaintiff also attaches his requests for production (*see* ECF No. 56-1), but not Defendants' responses.

In opposition, Defendants indicate that Plaintiff served six requests for production and Defendants responded. Defendants produced documents responsive to the requests, including four SATF maintenance work orders concerning ceiling repairs in the Facility B dining hall, which Plaintiff attached to his motion. Defendants argue Plaintiff's motion should be denied because (1) it does not identify which responses are at issue, (2) it fails to identify what additional documents Defendants failed to produce, and (3) it fails to explain why certain requested documents are relevant to the issue in this case.

Plaintiff replies that he propounded six written requests for production that Defendants failed to respond to in their discovery presentation or deposition hearing of July 14, 2026. (ECF No. 64.) Plaintiff asserts that (1) he has attached the six requests for production making it possible for the court to adjudicate his motion, (2) his motion provided guidance on what documents should have been produced and that additional documents exist somewhere in defendants' record keeping, and (3) his motion explains that the documents he seeks to compel are relevant to his claims. Plaintiff indicates that Defendants tried to respond to his discovery requests and produced four SATF maintenance work orders concerning asbestos ceiling repairs in

---

[1] Plaintiff also identifies his requests as interrogatories, but they are properly categorized as requests for production of documents under Federal Rule of Civil Procedure 34.

the Facility B Dining hall on the "B" side eating area, not pertaining to the complaint. (*Id.* at 3.) Plaintiff claims he has shown that Defendants' responses were evasive and incomplete, and he has not provided defendants' responses to his discovery requests due to Defendants' evasive and incomplete responses. Plaintiff argues that his requests identify the exact documents defendants failed to produce and that defendants are in a better position to locate such records, if kept. Plaintiff further argues that he has explained why the information he seeks is relevant to his cognizable Eighth Amendment claim.

**A. Legal Standards**

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, No. 1:13-cv-01808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in the party's "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable

inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**B. Discussion**

Although Plaintiff identifies the discovery requests at issue, he fails to specify which responses are disputed, why the responses are deficient, why any objections are not justified, or why certain of the information sought is relevant to this action. Plaintiff's motion is subject to denial on this basis alone. *See Ellis*, 2008 WL 860523, at *4. Nevertheless, the Court considers each of the requests for production.

Request for Production ("RFP") 1: The institutional head or designee sanitation inspection record(s) of the Facility B dining hall once each month from (2019-2022), to ensure compliance with Health and Safety Code Section 113945 through 114250.4.

Analysis: Plaintiff does not explain how his request for sanitation inspection records for the Facility B dining hall are relevant to his cognizable claim in this action, nor does Plaintiff identify how Defendants' response to the request, if any was deficient. Plaintiff's claims are limited to the wet asbestos ceiling divider panels falling on Plaintiff and others in the Facility B dining hall in November and December 2019 and September 2020, not sanitation conditions in the Facility B dining hall. Plaintiff's motion to compel related to RFP 1 is denied.

RFP 2: The Health and Safety Code expections [sic] of the food service area conducted by the Department Food Administrator and Department of Health Service(s) Environmental

Health Specialist each year (2019-2022).

Analysis: Plaintiff's request is overbroad. It is not limited to the Facility B dining hall and seeks records beyond those from 2019 and 2020. Plaintiff does not explain how this request for food service area inspections is relevant to the claims or defenses in this action. Plaintiff's claim is limited to wet asbestos ceiling divider panels falling on him and others in the Facility B dining hall, not the food service area. Plaintiff also fails to identify how Defendants' response to this request, if any, was deficient. Plaintiff's motion to compel related to RFP 2 is denied.

RFP 3: The Fire Chief Inspection record(s) of Facility B dining hall fire sprinkler system test record(s) conducted from (2019 - 2022).

Analysis: Plaintiff does not explain how this request for fire sprinkler test records is relevant to the claims or defenses in this action. Plaintiff's claim is limited to wet asbestos ceiling divider panels falling on him and others in the Facility B dining hall, not the fire sprinkler system. Plaintiff also fails to identify how Defendants' response to this request, if any, was deficient. Plaintiff's motion to compel related to RFP 3 is denied.

RFP 4: The Facility B dining hall digital camera footage taken by second watch captain and plant operations(s) maintenance staff of asbestos ceiling panel(s) in the eating area in plant operation(s) maintenance record(s) from (2019 – 2020).

Analysis: Plaintiff fails to identify how Defendants' response to this request, if any, was deficient. Plaintiff's motion to compel related to RFP 4 is denied.

RFP 5: The Facility B dining hall pesticide control service record(s) for mice and roache(s) of (2019 – 2020) conducted each quarter.

Analysis: Plaintiff does not explain how this request for pesticide control records is relevant to the claims or defenses in this action. Plaintiff's claim is limited to wet asbestos ceiling divider panels falling on him and others in the Facility B dining hall, not issues with mice or roaches. Plaintiff also fails to identify how Defendants' response to this request, if any, was deficient. Plaintiff's motion to compel related to RFP 5 is denied.

RFP 6: The plant operation(s) maintenance service repair record(s) of Facility B dining hall for asbestos ceiling panel(s) from (2019 – 2020).

Analysis: Plaintiff's motion to compel a further response appears based on Defendants' production of maintenance work orders concerning asbestos ceiling repairs in the Facility B Dining hall on the "B" side eating area. However, Defendants' production of records for both A and B side appears responsive to the request. RFP 6 is not limited to A or B side. Plaintiff's motion to compel related to RFP 6 is denied.

**III. Conclusion and Order**

For the reasons stated, Plaintiff's motion to compel (ECF No. 56) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **September 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE